## GARDNER v. UNITED STATES.

District Court, S. D. Florida.
June 20, 1932.

Douglas D. Felix, of Miami, Fla., for plaintiff.

W. P. Hughes, U. S. Atty., of Jacksonville, Fla., and Raymond F. Brown, Sp. Asst. to U. S. Atty., of Miami, Fla.

RITTER, District Judge.

This action is brought by the plaintiff as administrator of the estate of Mary A. Gardner, deceased, for a refund of estate taxes and interest thereon paid to the United States by the estate of Mary A. Gardner. $118.90 of the amount claimed has been abandoned, by reason of its being barred by time.

The pleadings admit the payment of the tax and interest, and the dates of the same. It is also admitted that the net value of the property in question is $141,364.48. The plaintiff contends that the said property, of the said value, was held under a trust created by an agreement dated November 17, 1916, signed by the decedent and her husband, with William B. Moore, her son-in-law, and John A. Gardner, her son, whereby the property was transferred in trust to them, with a reservation of only one-third interest to the decedent, and that this estate tax paid on the two-thirds interest was illegal, and the recovery of the amount of which is sought.

The defendant asserts that the trust agreement was created by the decedent in contemplation of her death, and therefore the said agreement is void as far as the estate tax is concerned, under section 402 (c), Revenue Act of 1921 (42 Stat. 278).

The principle of the law under which we are to determine this matter is clearly set forth in United States v. Wells, 283 U. S. 102, 51 S. Ct. 446, 450, 75 L. Ed. 867. It is there stated that the rule set forth in many cases in the inferior federal courts, and adopted by the Court of Claims, viz. that the

creating of a trust must be under condition of "a reasonable fear that death is near at hand," and that "such reasonable fear or apprehension" must be "the only cause of the transfer," is too narrow a construction of the Revenue Act, and establishes as the proper rule, "It is sufficient if contemplation of death be the inducing cause of the transfer whether or not death is believed to be near," and further says, "If it is the thought of death, as a controlling motive prompting the disposition of property, that affords the test, it follows that the statute does not embrace gifts inter vivos which spring from a different motive."

The evidence in this case is that the decedent was 65 years of age at the time of entering into the trust agreement whereby the property in question was transferred to her son-in-law and son; that she had been in poor health previous to that time, but had recovered her general health; that her husband was about 72 years of age; that the property in question was in need of refinancing to make it produce an income for them, but that they did not have the means to make improvements and to meet the monthly payments required under a mortgage of $37,500, then on the property; that Moore had advanced moneys previous to that time to help carry the property; that the $37,500 mortgage was one placed to pay off a previous mortgage of $30,000 and $3,000 and to provide some additional money, it may be inferred, for protecting the property in the payment of taxes, and something for the decedent and her husband's maintenance. It is clearly apparent, from the testimony, that the decedent and her husband were not able to manage the property and secure an adequate income therefrom to maintain the same and money for subsistence. The husband was unable to assist the decedent, who owned the property, and decedent was necessarily relying upon her son and son-in-law to look after the property and protect their interests, and had in fact committed the management of the property, before the trust instrument was executed, to her said son and son-in-law. Under these circumstances, the trust agreement was executed for the purpose of saving the property, which would have otherwise been lost, securing the interest of the son and son-in-law in its preservation and management, compensating them for their services, and thus securing to the decedent some money to live upon from the property.

There was no testimony that the decedent considered her death as a reason for the instrument, or contemplated death in any way.

The real motive was as I have stated. The presumption created by the statute has been overthrown by the testimony of the plaintiff. The decedent lived more than five years after the trust agreement was entered into. Moore and Gardner refinanced the mortgage and secured additional money, improved the property by enlarging the hotel, and did secure revenue from the same, to the benefit of the decedent, and thereby accomplished what the decedent had in mind at the time, viz. the securing of some income to herself during her life.

The trust agreement specifically refuses the right to Gardner and Moore to sell the property without the consent of the decedent, or to lease the same. The trust deed provides: "The parties of the second part shall have full charge and control of the properties above described, and shall manage the same with full power to conduct and carry on any business therein as to the said trustees shall seem for the best interests of the beneficiaries herein named."

The instrument further provides that, out of the rents, issues, and profits, the trustees shall make payments of fixed charges, interest, insurance, necessary expenses of management, cost of repairs, etc., and shall pay to the decedent and her husband, or the survivor, one-third of the balance, and one-third each to Pearl C. Moore, a daughter, and John A. Gardner, a son, who were the legal heirs of the decedent. The intention of the decedent was a motive other than arising from the contemplation of death, and was a perfectly reasonable and justifiable motive, under the circumstances of the case, in providing for her own living during her life, and which otherwise could not be obtained. It was very reasonable that two-thirds of the income should be paid as directed, primarily for services rendered by the trustees in caring for the property, and paying to the decedent the remaining one-third.

I do not find anywhere in the evidence, or in the instruments introduced in evidence, any intimation, as defined in law, that the same was made in contemplation of death.

Illustrative cases considered by the court as a basis for this decision are U. S. v. Wells, 283 U. S. 102, 51 S. Ct. 446, 75 L. Ed. 867; Shwab v. Doyle (C. C. A.) 269 F. 321; Rea v. Heiner (D. C.) 6 F.(2d) 389; Smart v. U. S. (D. C.) 21 F.(2d) 188; Norris et al. v. Goodcell (D. C.) 17 F.(2d) 181.

Findings of fact and conclusions of law will therefore be made in favor of the plaintiff.